P. L. COLLINGS
MAGISTRATE JUDGE

JAM

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

EMAIL: owlmgw@worldnet.at

20 PARK PLAZA, SUITE 905
BOSTON, MASSACHUSETTS 02116

(617) 227-3700

FAX (617) 338-9538

NIGHT EMERGENCY
(617) 901-3472

January 19, 2005

The Honorable Magistrate Judge Collings
United States District Court
1 Courthouse Way, Suite 6420
Boston, MA 02210

RE:    United States v. Frank Giglio
       Criminal No. 03-10370-DPW

Dear Judge Collings:

Enclosed please find a faxed copy of the mortgage executed by Frank M. Giglio which was recorded at the Dukes County Registry of Deeds on January 19, 2005 at Book 1028 Page 328 in accord with the conditions of release in the above-captioned matter.

Thank you.

Yours truly,

Martin G. Weinberg

MGW/ld

VIA - FACSIMILE : 617 748 9231

MORTGAGE

THIS MORTGAGE, is made this 14th day of January, 2005, between Frank M. Giglio, presently residing at 23 Harvard Street, Charlestown, MA 02129(herein "Mortgagor(s)"), and the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Frank M. Giglio(herein "Defendant"), in Criminal No. 03-10370 DPW before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of One Hundred Thousand Dollars ($ 100,000.00 ) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated January 6, 2005, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Dukes, Commonwealth of Massachusetts, and more particularly described in the following deed:

A deed from Paul A. Adler, Trustee of STONEWOOD REALTY TRUST under Declaration of Trust dated February 19, 1981 to Frank M. Giglio dated April 22, 1988, and recorded in the Dukes County Registry of Deeds at Book 381, Page 427 as amended by documents recorded in Book 400 at pages 637 through 639, of RFD Box 422A, Chilmark, County of Dukes;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1. That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.
6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

Frank M. Giglio

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS

On January 14, 2005, then personally appeared Frank M. Giglio and acknowledged the foregoing to be his free act and deed before me.

NOTARY PUBLIC
My Commission Expires: 7/9/20__