UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03-10370-DPW |
| | ) | |
| FRANK GIGLIO | ) | |
| | ) | |

**MOTION FOR EXPEDITING LOCAL RULE
DISCOVERY AND FOR OTHER APPROPRIATE RELIEF**

Now comes the defendant Frank Giglio, by and through his counsel Martin G. Weinberg, who hereby moves that this Honorable Court order that the Government be required to provide the defendant with the following discovery and other disclosures on an expedited basis rather than pursuant to the presumptive timetables of the Local Rules for the United States District Court for the District of Massachusetts (hereinafter referred to as Local Rules):

1. An exhibit list, including, but not limited to all tapes that the prosecution presently intends to offer in its case-in-chief, along with a transcript of each such tape.

2. A statement of whether the prosecution intends to rely on evidence which it will contend is admissible under F.R.E. 404(b) in its case-in-chief and, if so, the particulars regarding such evidence including date, location, subject, alleged evidentiary justification and, to the extent otherwise required by the Local Rules or by Fed. R. Crim. P. 16, the evidentiary predicate for the admission of such other act evidence.

3. A statement of whether the prosecution intends to impeach the defendant, assuming that he testifies, with questions and/or evidence that would be based on F.R.E.

404(b) or F.R.E. 608(b) and, if so, the particulars regarding such evidence including date, location, subject, alleged evidentiary justification and, to the extent otherwise required by the Local Rules or by Fed. R. Crim. P. 16, the evidentiary predicate for the admission of such other act evidence.

4. An identification of any and all statements of the defendant, written or oral, that the prosecution presently intends to offer in its case-in-chief including, but not limited to, statements that were made to civilian witnesses or to informants working with law enforcement agents.

5. An identification of any and all statements made by persons other than the defendant which the prosecution will contend are admissible under an agency or co-conspirator theory that the prosecution currently intends to offer in its case-in-chief.

6. The disclosure of exculpatory evidence as enumerated in Local Rule 116.2(B)(2)(d)(e)(f) and (g).

7. Completely unredacted copies of each Title III document that has previously been provided in redacted form.

8. The identity of CW6.

The defendant has asked for each of the above-enumerated categories of information by a written request pursuant to Local Rule 116.3(A), *see* response by prosecution of April 11, 2005, which recites the content of both request and answer, appended hereto as "Exhibit A."

The defendant requests that the expedited timetable be set as follows:

A. As to requests # 1 (Exhibit list), #2 (404(b) Evidence), #5 (Statements of defendant), #7 (unredacted Title III documents) by July 13, 2005 (60 days prior to trial).

B. As to the remaining requests, by August 13, 2005 (30 days prior to trial).

The defendant recognizes that the disclosures will be supplemented, i.e. they are not inflexible lists but, instead, good faith disclosures as of the date in question.

**I.    The Local Rules: Timetable is Presumptive not Mandatory.**

The time limits set by the Local Rules for the District of Massachusetts were intended to be presumptive not inflexibly mandatory. For instance, in addressing the timing of disclosure of exculpatory evidence, the Report of the Judicial Members of the Committee Established to Review and Recommend Revisions of the Local Rules of the United States District Court for the District of Massachusetts Concerning Criminal Cases (hereinafter referred to as "Report") wrote that "In order to establish a procedure which is both fair and, as a practical matter, feasible, the **presumptive** timing of the disclosure of different types of exculpatory information is bifurcated" (Report, p. 10)(emphasis added). The Report reiterated that "the Rules establish **presumptive** times for disclosure, which may be altered if justified by the circumstances of a particular case…the Rules contemplate that there will be cases in which the presumptive date for disclosure will not be the most appropriate date for disclosure, and establish a procedure for identifying and having the trial judge address this issue when it exists in a particular case" referring to Rules 116.6 and 117.1(A)(4) but applicable as a broader proposition regarding Rule 116 discovery. (Report, p. 20) (emphasis added). The Report indicated that "ordinarily" the court will enter an order

at the Initial Pretrial Conference requiring the disclosure of witness lists seven (for the prosecution) and three (for the defense) days before trial (Report, p. 22) and further indicated that the district judges have traditionally had discretion to order or withhold witness lists in criminal cases (Report, p. 23).

The text of the Local Rules allows for the exercise of discretion and, when appropriate, the ordering of discovery far in advance of the presumptive timing of rules such as those governing the disclosure of witness and exhibit lists: "Unless an objection has been made pursuant to LR 117.1(A)(6), order that at least seven days before the trial date the government must {disclose witness and exhibit lists}(Local Rule 117.1 (A)(8))(emphasis added). Local Rule 117.1(B) makes explicit that "The judge who will preside at trial may, upon motion of a party or on the judge's own initiative, modify any of the requirements of paragraph (A) of this Local Rule if the judge determines that there are factors in the particular case that make it in the interests of justice to do so".

Thus, both the text and the Report relating to Local Rule timing confer upon the Court the power to change the presumptive disclosure schedules governing witness lists, exhibit lists, and exculpatory evidence. The matter *sub judice* requires such a modification of the presumptive timing requirements.

**II.   The Government has a Duty to Identify Relevant Discovery Substantially before trial.**

The government has a duty to provide the defendant with discovery in a form that permits effective pretrial preparation and effective assistance of counsel under the Local Rules for the District of Massachusetts, Fed. R. Crim. P. 7 and 16(a)(1)(C) and the Due Process Clause of the Fifth Amendment. The government can breach these obligations

by either providing too little or, as in this case, by providing too much.  The government plainly does not intend to introduce all of the thousands of electronically intercepted conversations that it has made available to counsel that were acquired from a series of Title III orders which are themselves the subject of various motions to suppress evidence.

Under Rule 16 and principles of due process, the government is required to provide meaningful discovery.  The government does not comply with that duty by providing the defendant with access to thousands of documents or tapes  generated by a lengthy investigation.  The defendant does not have the time, ability or resources necessary to sift through this mass of material to locate the keys to the government's case against him.  The defendant and counsel should not be required to look for the proverbial needles in this haystack of discovery.  The government should, instead, be required to identify which documents it actually intends to introduce at trial, which witnesses it intends to call and which prior conduct it intends to rely on either under F.R.E. 404(b) or, in the event either defendant testifies, under F.R.E. 608(b).  Under similar circumstances, numerous courts have entered orders requiring the government to identify the documents it actually intends to rely upon at trial.

For example, in *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), the defendants were charged with a conspiracy to commit Medicare fraud.  The indictment, however, did not specifically identify "which of these claims were false and in what way they were false." *Nachamie*, 91 F. Supp. at 572-75.  The government, instead, simply "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims" in Rule 16 discovery.  *Id*. at 571.  The district court found the production of massive discovery insufficient notice and ordered the

5

government to file a bill of particulars identifying the details of each and every allegedly false claim submitted and /or filed as part of the conspiracy. *Accord United States v. Savin*, No. 00 Cr. 45(RWS) (S.D.N.Y. March 13, 2001), 2001 U.S. Dist. LEXIS 2445, at *10 (ordering government to identify specific financial transactions at issue in a conspiracy/wire fraud prosecution through a bill of particulars where the government had provided over 100,000 pages of discovery, forcing Savin to "comb through this veritable mountain of documents and to attempt to guess which of the numerous transactions documented therein…over a six-year period, are alleged by the government to have been improper"). *See generally*, *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (reversing RICO conviction for denial of bill of particulars identifying acts of extortion, despite existence of 6,000 pages of wiretap related material and Jencks Act material referring to these acts); *United States v. Bortnovsky*, 820 F. 2d 572, 575 (2d Cir. 1988)(reversing conviction for denial of bill of particulars identifying precisely which insurance claims were fictitious, despite existence of 4,000 pages of discovery containing this information; "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged").

In *United States v. Turkish*, 458 F. Supp. 874 (S.D.N.Y. 1978) *aff'd*, 623 F.2d 769 (2d Cir. 1980), *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989), and *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994), the courts dealt with the problem of over-production of documents under Rule 16 itself rather than Rule 7(f). In *Turkish*, the defendant sought "a direction to the government to indicate which of the

6

approximately 25,000 documents relating to this case in the government's possession it intends to use at trial, rather than "burying the defendant in paper" by merely generally making all of the documents available to defendants." *Turkish*, 458 F. Supp. at 882. The court granted the motion, ruling that Rule 16 requires the government to allow defendants to inspect and copy all documents "which will be relied on or referred to in any way by any witness called by the government during its case-in-chief." *Id.* (citation omitted).

In *Poindexter*, when the government produced over 300,000 documents in discovery, the defendant argued that the government's Rule 16 obligations required more than to merely "identify several thousand pages, any of which it 'may' rely on at trial." *Poindexter*, 727 F. Supp. at 1484. The court agreed holding that "this broad brush approach…is not sufficient to meet [the government's] obligations" under Rule 16. *Id.* The court ruled that "basic fairness" required that the government to, within thirty days of its order:

> Identify with greater specificity those among these thousands of documents in the financial, calendar, and diary areas that it intends to use at trial. The notification will not prevent the government from later [sic] introducing other documents from these materials on a limited scale, but it will give the defendant some notice as to which among the thousands of documents are likely to be a part of the government's case-in-chief.

*Id.* (citing *Turkish*). As in *Turkish*, the court further ordered the government to "identify all documents on which a witness will rely or to which he will refer." *Id.*

Finally, in *Upton*, the defendants were charged with falsifying airplane maintenance records for Eastern Airlines. In discovery, the government produced "thousands of pieces of paper." *Upton*, 856 F. Supp. at 747. However, of those "thousands" of pages, the indictment only put the defendants on notice of a handful which the government actually claimed were "falsified". Relying on *Turkish*, *Poindexter*

7

and *Bortnovsky*, the court ordered the government to specifically identify the "falsified" records:

> The purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this - - where there are thousands of documents - - is to allow the defendant to adequately prepare his or her defense. General familiarity with the nature of the documents, as in this case, will not allow the defendants to do that if they are not informed which documents include the allegedly falsified maintenance information and which documents the government witnesses will refer to or rely upon.

*Upton*, 856 F. Supp. at 747[1].

It is not conceivable that the government seriously intends to introduce more than a fraction of the tapes and documents made available to the defense. The government should not be permitted to decline to identify the truly relevant materials it intends to rely upon at trial. A requirement that it provide an exhibit list 7 days in advance of trial is unacceptable. *See Upton*, 856 F. Supp. at 747 (rejecting a promise to provide an exhibit list prior to trial as "unavailing because [it does] not adequately explain why the defendants should be kept in the dark until trial as to which specific documents the government will contend were falsified"). Accordingly, the government should be forced

---

[1] One other court addressing this issue exercised its discretion in a somewhat different way. *United States v. McDade*, No. 92-249 (E.D.Pa. December 11, 1992), 1992 U.S. Dist. LEXIS 19254, the court declined to order the government to specify in advance which documents it intended to use but, instead, ordered the government to identify which "discrete parcels of material that it does ***not*** plan to use at trial."(Emphasis added.)

> What I am directing is that, to continue with the trite, bucolic metaphor, if the government does in fact know that of the, say, 27 empirical haystacks which it has forked over to the defense, there are 11 haystacks, for example, which the government views as being so far afield from the focus of the trial that it does not intend to use them, then the cause of speedy and efficient justice would be furthered by the government's telling the defense about those 11 haystacks which contain no needles."

*Id. See also United States v. McDade,* 827 F. Supp. 1153, 1187 n. 30. (E.D.Pa. 1993)(referring to its unpublished discovery order concerning the identification of irrelevant material).

to specify which tapes and documents it views as truly important to its case-in-chief now - - ***before*** motion deadlines and significantly before the September 12, 2005, trial date.

"While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." *United States v. Cronic*, 466 U.S. 648, 657 (1984) (citation omitted). It is a "search for truth" in which the government is not always permitted to maintain "'poker game' secrecy….." *Wardius v. Oregon*, 412 U.S. 470, 473 (1973). *See also Williams v. Florida*, 399 U.S. 78, 82 (1970)("[t]he adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played")(footnote omitted); *United States v. Kelly*, 420 F.2d 27, 29 (2d Cir. 1969)(criticizing "trial by ambush"). Indeed the Supreme Court in *Wardius* emphasized that because the government has "inherent information gathering advantages… if there is to be any imbalance in discovery rights, it should work in the defendant's favor." 412 U.S. at 475 n. 9.

The government should not seek to maintain "'poker game' secrecy" of the relevant evidence by forcing counsel to speculate about what is important and what is not and to waste time and resources doing so. A criminal defendant's discovery rights under Rule 16 are already quite limited. The government's conduct would effectively nullify the limited rights he has. Accordingly, the Court should order the government to file an exhibit list substantially before trial in order to permit counsel to identify which of the documents made available in discovery: (1) the government intends to introduce as evidence in its case-in-chief; (2) the government does ***not*** intend to introduce into evidence; and (3) will be relied on or referred to in any way by any witness called by the

9

government in its case-in-chief.  Particularly in a Title III case, the need to focus on specific tapes, the need to verify the accuracy of the transcripts of such tapes, the need to determine what other related tapes must be reviewed and then transcribed as part of the defense case, and the need for unredacted documents is at its zenith. Further, the Court should exercise its power to change the presumptive date for disclosure of Rule 404(b) evidence and notice of which statements of the defendant or his alleged agents will be offered and must be defended.

RESPECTFULLY SUBMITTED,
BY HIS ATTORNEY,

/s/ Martin G. Weinberg
Mass. Bar No. 519480
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston MA 02116
(617) 227-3700

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

April 11, 2005

**By Facsimile Transmission and First Class Mail**
**Fax# (617) 338-9538**

Martin G. Weinberg
Oteri, Weinberg & Lawson
20 Park Plaza
Boston, MA 02116

    Re: **United States v. Frank Giglio**
        **Criminal No. 04-10370-DPW**

Dear Counsel:

    This letter is in response to your discovery letter dated March 28, 2005. I have addressed each of your requests below.

    **Request #1:** That the Government agree to specifically identify, no later than July 1, 2005 (and to supplement this list as required), any tapes and/or other documents that it presently intends to introduce into evidence at trial to enable the defendant a fair opportunity to prepare effectively given the quantity of interceptions resulting from the electronic surveillance in this case and the corresponding difficulty of identifying from such a universe of discovery documents material to the above-captioned prosecution, see, e.g., United States v. Poindexter, 727 F. Supp.1470, 1484 (D.D.C. 1989); United States v. Upton, 856 F. Supp. 727, 747 (EDNY 1994);

    **Response:** This request seeks the production, 73 days before trial, of the government's exhibit list for the trial. Local Rule 117.1(A)(8)(b) sets the presumptive date for such disclosure at 7 days before trial, and Local Rule 117.1(A)(6) designates possible changes to this schedule as a matter for discussion at the final pretrial conference. In this case, trial has been set for September 12. The final pretrial conference

does not appear to have been scheduled. Hearings on the five pending substantive motions are set for July 26-28. The schedule you propose would require the government to identify, before those hearings, and without benefit of the Court's ruling thereon, the exhibits it intends to use at trial. Although I am not fundamentally opposed to the possibility of mutual early disclosure of exhibit lists, the proposed schedule is unworkable. The government declines to comply with this request at this time.

>  **Request #2**. That the Government agree to identify any expert or summary witness, provide the qualifications of such person, identify each occasion where the person has previously testified, provide a summary of the witnesses' opinions, any exhibits that will be relied on including, but not limited to, summaries that will be offered pursuant to F.R.E. §1006 and the basis of the opinions as required by Fed.R.Crim.P. 16(a)(1)(G) at least 60 days before trial;

**Response:** As noted in the response to request #1, the government will not be in a position to know, 60 days before trial, what evidence it will be allowed to offer at trial, and what (if anything) will be suppressed. Furthermore, by order dated February 9, 2004, Judge Collings ordered that the government produce Fed.R.Crim.P. 16(a)(1)(G) discovery 45 days before trial, and that the defendants produce such reciprocal (Rule 16(b)(1)(C)) discovery 20 days before trial. The government declines to comply with this request at this time.

>  **Request #3**. That the Government agree to disclose any evidence that it intends to offer pursuant to F.R.E. 404(b) at least 60 days before trial;

**Response:** Unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial. See Local Rule 117.1(A)(4)(b). To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request at this time.

>  **Request #4**. That the Government agree to disclose any evidence that it intends to rely on pursuant to F.R.E. 608(b) in the event the defendant testifies at least 60 days before trial;

**Response:** This request is covered by automatic discovery under Local Rule 116.1(C) (including the incorporation of Local

2

Rule 116.2) and, therefore, it is barred by Local Rule 116.3(D). The government notes that it is required to disclose a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom *the government* anticipates calling in its case-in-chief twenty-one days before trial. See Local Rule 116.2(B)(2)(f). To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request at this time.

**Request #5.** That the Government identify at least 60 days before trial any and all statements of the defendant that it intends to offer regardless of whether the source of the testimony is a law enforcement officer, a public document, or a civilian witness;

**Response:** To the extent this request seeks early discovery of evidence or exhibits, for the reasons set out in the government's response to request #1, the government declines to comply with this request at this time. To the extent it seeks something else, such as early discovery of the government's trial strategy, the government declines to comply with this request at this time.

**Request #6.** That the Government identify at least 60 days before trial any and all out of court statements of persons, other than the defendant, that the Government intends to offer pursuant to an exception to the hearsay rules or pursuant to F.R.E. 801 as non-hearsay so that the defendant can make appropriate legal challenges to the admissibility of such evidence including, but not limited to, Confrontation Clause challenges, see Crawford v. Washington, __ U.S. __ 124 S.Ct. 1354 (2004);

**Response:** To the extent this request seeks early discovery of evidence or exhibits, for the reasons set out in the government's response to request #1, the government declines to comply with this request at this time. To the extent it seeks something else, such as early discovery of the government's trial strategy, the government declines to comply with this request at this time.

**Request #7.** That pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), the Government disclose discovery currently required by Local Rule 116.2(B)(2)(a-g), 60 days before trial;

3

**Response**: The government shall comply in all respects with its discovery obligations pursuant to Fed. R. Crim. P. 16, Local Rule 116.1 and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1985). This information will be provided 21 days before trial. <u>See</u> L.R. 116.2(B). Early disclosure is neither practicable nor required, and the government therefore declines to comply with this request at this time.

**Request #8**. That the Government provide the defendant with a bill of particulars setting forth the dates, places, quantity of drugs and specific identity(s) of persons involved as to each alleged substantive transaction that will be alleged to be in furtherance of the conspiracy charged and each "manner and means" averment;

**Response**: Mr. Giglio is charged with a drug conspiracy under Title 21, U.S.C. §846. Proof of such a conspiracy does not require that the government allege or prove overt acts. Furthermore, Mr. Giglio has received thousands of pages in discovery, the review of which affords him ample opportunity to determine the basis for the charges against him and to prepare his defense. The government declines to comply with this request at this time.

**Request #9**: That the Government provide the defendant with unredacted copies of each Affidavit, Application and Order relating to the electronic surveillance conducted in this case, which have been provided only in redacted form;

**Response**: To the extent that previously redacted information may now be disclosed, without endangering any ongoing investigative activity, or the safety and security of anyone, the government will comply with this request.

**Request #10.** That the Government provide the defendant with transcripts of each taped conversation it intends to offer at trial by June 15, 2005; and

**Response:** As soon as the government has identified the conversations that will be used at trial and finalized the transcripts of those conversations, the transcripts will be forwarded to defense counsel for review and proposed revisions. The government declines to do so by June 15 -- three months before trial, and a month and a half before the hearing on the pending suppression motions -- as this schedule is impracticable, and would require the government to provide Mr. Giglio with a

4

partial exhibit list nearly 90 days before trial (see response to Request #1).

**Request #11**. That the Government disclose the identity of CW-6.

**Response:** The government objects to this request. As stated in its automatic discovery letter, which included information about CW-6, as required by L.R. 116.2(B)(1), the government declined to disclose the identity of CW-6 because of concerns that disclosing the name might result in witness tampering and/or risk of physical harm to a witness. (See L.R. 116.6(A)). The government declines to comply with this request.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: *[signature]*
       Rachel E. Hershfang
       Assistant U.S. Attorney
       (617) 748-3249

cc: Ms. Noreen Russo,
    Clerk to the Honorable Robert B. Collings,
    U.S. Magistrate Judge