```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )     No. 03-10370-DPW
     v.                     )
                            )
9. FRANK GIGLIO,            )
                            )
          Defendant.        )
```

**JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(C)**

The United States of America and the defendant, by and through their respective counsel, hereby submit this joint memorandum addressing the issues set forth in Local Rule 116.5(C)(1) through Local Rule 116.5(C)(9) in anticipation of the status conference currently scheduled for May 20, 2005.

**Local Rule 116.5(C)(1)**

The defendant, Frank Giglio ("Giglio") has filed a motion requesting expedited pretrial discovery. The government's opposition to this motion is due to the Court on Monday, May 23.

**Local Rule 116.5(C)(2)**

At this time, no party anticipates that additional discovery will be provided. Should the parties be unable to stipulate as to the chemical analysis of the substances seized in this case, the government will provide such information as to its chemist as is required under Fed. R. Crim. P. 16(a)(1)(G) 45 days before trial, as ordered by the Court (order dated February 9, 2004).

The government will also produce, on the same schedule, any "expert" discovery required with respect to the anticipated testimony of law-enforcement witnesses.  As required, the defendant will produce any reciprocal (Rule 16(b)(1)(C)) discovery 20 days before trial.

**Local Rule 116.5(C)(3)**

Giglio does not intend to raise a defense of insanity or public authority.

**Local Rule 116.5(C)(4)**

The government has not yet requested that the defendant provide notice of alibi.

**Local Rule 116.5(C)(5)**

On May 16, Giglio filed a motion to suppress the wiretap in this case.  The government's response is due on May 31, 2005. Motions to suppress filed by other codefendants, including a motion to suppress the wiretap, are also pending in the case and have been set for hearing by Hon. Douglas P. Woodlock on July 26-28, 2005.

**Local Rule 116.5(C)(6)**

The parties do not request the setting of a schedule concerning any non-trial matter.

**Local Rule 116.5(C)(7)**

The parties have discussed generally the possibility of an early resolution of the case without trial.  At this time, the parties have not agreed on a resolution.  Trial has been

scheduled for September 12, 2005.

**Local Rule 116.5(C)(8)**

The parties agree with the prior order of excludable delay entered by the Court on February 8, 2004 (docket no. 231). Pursuant to this order, time was excluded through May 16, 2005. The filing of Giglio's motion to suppress on that date further tolls the running of the Speedy Trial clock until the present date (May 18, 2005) and beyond, for up to 30 days.  Therefore, he parties respectfully submit that all time has been excluded up to the date of the Final Status Conference (May 20, 2005) and that therefore 70 days remain in which to try the case.  However, the setting of the trial date of September 12 was accompanied by the District Court's exclusion of all time until that date (see docket no. 228) and therefore the inquiry is moot.

**Local Rule 116.5(C)(9)**

In the event that this case proceeds to trial, with all eight remaining defendants standing trial, the parties estimate that the trial would last three to four weeks.

**Other Matters**

None.

|  |  |
|---|---|
|  | Respectfully submitted, |
| FRANK GIGLIO | MICHAEL J. SULLIVAN |
|  | United States Attorney |
| By: /s/ Martin G. Weinberg | By: /s/ Rachel E. Hershfang |
|    MARTIN G. WEINBERG |    RACHEL E. HERSHFANG |
|  |    Assistant U.S. Attorney |