```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )    No. 03-10370-DPW
    v.                         )
                               )
9. FRANK GIGLIO,               )
                               )
        Defendant.             )
```

### GOVERNMENT'S OPPOSITION TO FRANK GILGIO'S MOTION FOR BROAD, EARLY PRETRIAL DISCLOSURES

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Rachel E. Hershfang, hereby opposes Frank Giglio's ("Gigilo") motion for pretrial discovery.

By his motion, Giglio seeks to have the Court order two categories of production: first, the pretrial production of information whose production is not required by any applicable Local or Federal Rule; and second, the accelerated production of required pretrial discovery.  Allowance of this motion would require that the government begin, complete, and disclose its trial preparation and strategy some sixty days before trial. Citing a need for more information to prepare a defense, Giglio asks that the Court cast aside the presumptive timing for disclosures established by the Local Rules for the District of Massachusetts ("Local Rules") and the applicable Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") as incorporated in the

1

Local Rules, and require pretrial disclosures well before the Court hears and decides pending substantive motions (including two motions to suppress the wiretap, one of which is Giglio's).

The government respectfully submits that this request should be denied.  Giglio's requests, if allowed, would rewrite the rules of trial preparation and disclosure by (1) requiring broad and thorough disclosure of not only the government's trial evidence, but also its strategy and various impeachment evidence, disclosure of which is not required; and (2) imposing an undue burden on the government by requiring trial preparation before the Court rules on the admissibility of what is perhaps the key category of evidence in the case, the Title III intercepts. Giglio offers no support for his broad requests.

**I.   Giglio's Requests for Discovery.**

Giglio has asked the Court to require the disclosure of eight categories of information.  For ease of analysis and discussion, these requests are set out below with the presumptive disclosure dates (if any), applicable Rule, and Giglio's requested disclosure dates.

| Material | Presumptive date (Local Rule) | Requested date |
|---|---|---|
| 1. Exhibit list with transcripts of recordings | September 5, 2005 (L.R. 117.1(A)(8)(b)) | July 13, 2005 |

| Material | Presumptive date (Local Rule) | Requested date |
|---|---|---|
| 2. Identification of R. 404(b) evidence to be offered in gov't's case in chief | August 22, 2005 (L.R. 117.1(A)(4)(b)) | July 13, 2005 |
| 3. Identification of impeachment evidence under R. 404(b) and R. 608(b) | No applicable disclosure requirement | August 13, 2005 |
| 4. Identification of defendant statements to be offered at trial | None, unless covered by disclosure of exhibit list (Sept. 5, 2005) | July 13, 2005[1] |
| 5. Identification of co-conspirator statements to be offered at trial | None, unless covered by disclosure of exhibit list (Sept. 5, 2005) | August 13, 2005 |
| 6. Exculpatory evidence under L.R. 116.2(B)(2)(d), (e), (f), and (g) | August 22, 2005 (L.R. 116.2(B)) | August 13, 2005 |
| 7. Completely unredacted copies of each Title III document previously provided in redacted form | No timing set by Local Rules | July 13, 2005 |

---

[1] Giglio's timing request with respect to this category of evidence is somewhat unclear. He asks for disclosure of "#5 (Statements of defendant)" on July 13, 2005. See Motion for Expediting Local Rules Discovery and Other Appropriate Relief ("Def. Mot.") 3. The category for defendant statements is actually numbered "4." The government has interpreted the request according to the explanation, rather than the numbering, believing that more likely to be what Giglio seeks.

3

| Material | Presumptive date (Local Rule) | Requested date |
|---|---|---|
| 8. The identity of CW-6 | No timing set by Local Rules | August 13, 2005 |

It is not necessary to address requests number 7 (unredacted Title III materials) and 8 (disclosure of CW-6's identity) at any length. The government provided an unredacted set of the Title III materials on May 11, and will agree to disclose the identity of CW-6 by August 13, as requested.

**II. Giglio's Requests for Accelerated Disclosures (No. 1,2,6) Should Be Denied.**

Giglio asks the Court to order the early disclosure of the government's exhibit list, Rule 404(b) evidence that the government plans to use in its case-in-chief, and the exculpatory evidence whose disclosure is required under L.R. 116.2(B). As justification for these requests, Giglio cites cases in which the government has produced thousands of pages of documents in discovery, and the defendant is without any information as to which documents are relevant, and why. See Def. Mot. at 5-8 (citing cases).

Giglio's arguments are not without force, in the abstract. As applied to this case, however, they are quixotic; both the defendant and the government have identified only two calls on the Title III intercepts that involve Giglio. The government's case against Giglio (again, as the parties have discussed) is

based largely on consensually recorded conversations between him and the cooperating witness known as CW-6. Again, the universe is small -- there are fewer than 10 such recordings.

Given the paucity of tangible evidence that supports the government's case against Giglio, the cases cited offer little support for his request that the government produce an exhibit list 60 days before trial. As noted in the response to Giglio's discovery letter, a copy of which is attached to his motion, the government is not opposed to a negotiated, earlier date for disclosure of its exhibit list (perhaps 14, rather than 7, days before trial). The requested, accelerated schedule is simply unreasonable and unjustified, particularly in light of the July 26-28 hearing dates for the pending motions to suppress.

With respect to the request for accelerated disclosure of Rule 404(b) and exculpatory evidence, Giglio offers no supporting law, but simply argues that "the Court should exercise its power to change the presumptive date for disclosure...[.]" Def. Mot. 10. The government respectfully disagrees. The presumptive timing requirements set by the Local Rules with respect to exculpatory evidence were set to "strike[] a balance between a defendant's need to prepare his or her case properly and the government's interest in not disclosing its witnesses unnecessarily or prematurely." Report of the Judicial Members of the Committee Established to Review and Recommend Revisions of

the Local Rules of the United States District Court for the District of Massachusetts Concerning Criminal Cases ("Report") at 20.  Indeed, the drafters of the Rules seemed, at least implicitly, more likely to consider <u>delayed</u> disclosure than accelerated disclosure.  <u>See</u> Report at 20.[2]  Here, Giglio has offered no reason for the Court to deviate from the presumptive timing for disclosure of 404(b) evidence the government intends to use in its case-in-chief (21 days before trial, per L.R. 117.1(A)(4)(b)) or pretrial exculpatory evidence (21 days before trial, per L.R. 116.2(B)).  In the absence of any extraordinary circumstances that might justify deviating from the norms set by the Local Rules, the government respectfully requests that the Court follow the presumptive disclosure requirements set by those Rules.

**III. Giglio's Requests for Discovery Not Required by The Rules (No. 3,4,5) Should Be Denied.**

Giglio asks the Court to impose a disclosure deadline of 30 days before trial (August 13, 2005) for three categories of information whose disclosure is not required under the Local

---

[2] "Among other things, adjustments [to the presumptive timing requirements of the Local Rules] may be made if in the circumstances of a particular case disclosure of prior inconsistent statements of a witness or other exculpatory information at the time contemplate by the Rules would create an unacceptable risk of facilitating obstruction of justice or of discouraging the testimony of witnesses.  It is not believed, however, that the pertinent provisions of the Rules will routinely have these effects."  Report at 20.

Rules or any applicable Federal Rule: the "particulars" of any impeaching statement the government *would* use against Giglio, pursuant to Fed. R. Evid. 404(b) or 608(b), were he to testify (request #3); an identification of "any and all statements" made by the defendant that the government plans to offer in its case in chief (request #4); and an identification of any statements made by others that the government will offer under an agency or co-conspirator theory (request #5).

These three requests seek nothing less than discovery of the particulars of the government's case in chief, or a roadmap of the government's evidence in the case. The government is not aware of any rule or law requiring such disclosures, and Giglio has cited none. The requested disclosures should be rejected.

                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                 By:   <u>/s/ Rachel E. Hershfang</u>
                                        RACHEL E. HERSHFANG
                                        Assistant U.S. Attorney

Dated: May 23, 2005