```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Cr. No.  03-10370-DPW
                              )
FRANK GIGLIO                  )
```

### MOTION OF THE UNITED STATES TO QUASH DEFENDANT'S SUBPOENA OF PERSONAL INCOME TAX RETURNS

The United States, through its undersigned attorneys, hereby moves to quash the defendant's subpoena of the personal income tax returns of a government cooperating witness.

A. The Subpoena Should be Quashed Because it Seeks Confidential Information and Does Not Comply with Federal Regulations

Defendant has not, and cannot, satisfy the strict statutory and regulatory standards for disclosure of personal income tax returns. See generally 26 U.S.C. § 6103. See also Aronson v. Internal Revenue Service, 973 F.2d 962, 964-67 (1st Cir.1992) (explaining policies against disclosure of tax returns). By cooperating with the government, individuals do not give up their rights to privacy; nor do they give up their rights to require that statutory protections of their privacy, such as those contained in 26 U.S.C. § 6103, be strictly enforced.

Federal law provides that "returns and return information shall be kept confidential" and bars disclosure by any official or other person with such information "except as authorized by this title." 26 U.S.C. § 6103(a). The provisions of § 6103 authorizing disclosure in judicial proceedings limit this

authorization to situations in which disclosure can be deemed to be "required by 18 U.S.C. § 3500 or Fed.R.Crim.P. 16." Id. § 6103(h)(4)(D).

The only apparent basis for disclosure under § 6103(h)(4)(D) in this case is the use of the CW's tax information for impeachment purposes pursuant to Fed.R.Evid. 608(b). As explained below, the CW's tax information is unnecessary for this purpose since the government will establish in its own examination of the CW that he has obtained substantial income from drug dealing in prior years and did not declare this income or pay taxes on this income.

Even were the request substantively sound, which the government maintains that it is not, it is procedurally flawed. Federal regulations require that any request for IRS tax documents be submitted to the IRS Disclosure Office along with a written statement by the party requesting the information which includes, *inter alia*, (1) a summary of the records sought and their relevance to the proceeding, (2) the statutory authority for the disclosure of the requested records, and an explanation as to the absence of consent ordinarily required by 21 U.S.C.A. § 6103, and (3) an indication as to whether IRS records or information are available from other sources. See 26 C.F.R. § 301.9000-5(a)(2),(4),(7). The defendant has not provided any statement whatsoever to the IRS Disclosure Office. Because the

2

defendant has failed to comply with federal regulations governing disclosure of tax information, the motion to quash should be allowed.

    B.    <u>The Subpoena Should be Quashed Because the Essential Information That it Seeks Has Already Been Disclosed</u>

The defendant's apparent reason for seeking the tax return information of the CW is to obtain impeachment information: namely, the fact that the CW did not report income from his marijuana trafficking business and did not pay taxes on that income.  In its 21-day disclosure letter, the government advised the defendant that the CW has told the government that (1) he made substantial amounts of money trafficking marijuana (specific estimated amounts are disclosed) and (2) he did not report income from his marijuana trafficking business and did not pay taxes on that income.  The government intends to elicit testimony from the CW on direct examination at trial regarding both the amount of money the CW made selling marijuana over the years and his failure to either report or pay taxes on that income.

The defense is not entitled to the production of extrinsic evidence of an impeaching fact that the CW has admitted.  <u>Cf. Vons Companies, Inc. v. United States</u>, 51 Fed.Cl. 1, 14 (2001) (discovery request seeking to confirm the authenticity of portions of documents already admitted to be authentic deemed unreasonably duplicative and cumulative); <u>Joe Hand Productions, Inc. v. Chaves</u>, 1998 WL 184271 (N.D. Cal. 1998)(no need for party

to obtain evidence with respect to questions deemed previously admitted); <u>United Mercantile Agencies v. Silver Fleet Motor</u>, 1 F.R.D. 709, 712 (W.D. Ky. 1941) ("there is no need to prove . . . what is already admitted by both sides").[1]

Since the CW will admit at trial that he did not report or pay taxes on his marijuana trafficking income, there is no basis for the defendant's subpoena of the CW's tax information.  This is particularly true where, as described above, the evidence sought is confidential, and protected by federal statute and regulation.

WHEREFORE, for the reasons set forth above, the court should grant the government's motion to quash the defense's subpoena of the CW's tax return information.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:   <u>s/ PETER K. LEVITT</u>
                                RACHEL E. HERSHFANG
                                PETER K. LEVITT
                                Assistant U.S. Attorneys
                                1 Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3355

Dated: September 14, 2005

---

[1] The government was unable to locate cases directly on point (i.e., dealing with the precise issue at hand), but submits that the principle behind these cases applies by analogy.