UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) | |
| v. | ) ) | Crim. No. 03-10370-DPW |
| FRANK GIGLIO | ) ) ) | |

**DEFENDANT FRANK GIGLIO'S OPPOSITION TO MOTION OF
THE UNITED STATES TO QUASH DEFENDANT'S SUBPOENA OF
PERSONAL INCOME TAX RETURNS**

Defendant Frank Giglio opposes the Motion of the United States to Quash Defendant's Subpoena of Personal Income Tax Returns. CW will be a crucial witness against defendant at his upcoming trial, yet, in moving to quash defendant's subpoena for CW's income tax returns, the government is seeking to deprive defendant of information essential to the exercise of his Sixth Amendment right to confront and cross-examine the witnesses against him. The existence of the 26 U.S.C. §6103 limitations on the disclosure of tax return information does not preclude disclosure under the present circumstances. As is clear from *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987), the existence of a statute limiting access to records does not trump the defendant's due process right to have access to information material to his defense. This is particularly the case where the statute permits access by law enforcement personnel. *See id.* at 57-58 & n.14. *Aronson v. United States*, 973 F.2d 962 (1st Cir. 1992), on which the government relies, has little or no relevance to the present circumstances. *Aronson* involved litigation by a private individual to force disclosure of certain taxpayer information for commercial purposes – to facilitate the defendant's business of locating persons owed tax refunds and collecting a fee from them for his services. Very different concerns – not to mention important constitutional guarantees – are at stake when

disclosure is sought by a defendant for the purpose of defending himself against serious criminal charges. As in *Ritchie*, this Court should examine CW's tax returns *in camera* and thereafter order their disclosure to the defendant.

Contrary to the government's argument, this is not simply a Rule 608(b) issue. The subpoenaed returns are highly material to CW's motivation to curry favor with, and bias in favor of, the government, as well as to an identification of the scope of the benefits being conferred upon him in exchange for his testimony, for example, nonprosecution for tax offenses or noncollection of the taxes, interest, and penalties due and owing as the result of CW's failure to report and pay taxes upon the millions of dollars he derived from drug dealing. It is no answer to say, as the government does, that the defendant does not need this information because the government will elicit from CW that he did not declare or pay taxes on his drug-dealing income. The defendant has a Sixth Amendment right to confront and cross-examine the witnesses against him, and this right is not satisfied by the government's selective questioning of its own witness. Only through disclosure of the returns themselves can counsel know, for example, the specific false statements to which CW subscribed in his returns and their potential consequences in terms of the benefits to him of his cooperation with the government.

If the Court rejects the government's substantive challenges to defendant's subpoena, given the postponement of the trial in this case, rather than litigate the applicability of the regulations cited by the government to criminal trial subpoenas, defendant will utilize the procedure outlined in those regulations to obtain CW's tax returns. If the IRS declines to comply with the defendant's request, defendant will then seek the intercession of this Court to protect his Sixth Amendment and due process rights.

          Respectfully submitted,
          By his Attorneys,

          */s/ Martin G. Weinberg*
          Martin G. Weinberg
          Mass. Bar No. 519480
          OTERI, WEINBERG & LAWSON
          20 Park Plaza, Suite 905
          Boston, Massachusetts 02116
          (617) 227-3700

          /s/ *Robert Goldstein*
          Robert Goldstein
          Mass. Bar No. 630584
          20 Park Plaza, Suite 903
          Boston, Massachusetts 02116
          (617) 742-9015

September 21, 2005