UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
    v.                        )    CRIMINAL NO. 03-10370-DPW
                              )
FRANK GIGLIO                  )
_____)

**Motion In Limine to Exclude**
**September 15, 2004 Tape Recording and Other Evidence**

Now comes the Defendant, Frank Giglio, by and through undersigned counsel, pursuant to Rules 403 and 106 of the Federal Rules of Evidence, as well as the Court's general supervisory and discretionary powers, and hereby moves to exclude from evidence the tape recording of a conversation by and between CW-6 and the defendant ("Giglio", herein) on September 15, 2004 because the government failed to properly record a prior conversation between the same two parties, which occurred on or about August 20, 2004. Should the Court deny the defendant's motion to exclude the entire September 15, 2004 conversation, the defendant further moves to exclude from evidence any conversations and/or statements within the September 15, 2004 conversation that relate to (1) Giglio's possible future involvement in a marijuana transaction with CW-6, and (2) Giglio's statements which are consistent with his having had marijuana dealings with his own customers in 2004.[1] Finally, the defendant moves herein to preclude

---

[1]. With leave of Court to do so, the defendant will file on Friday, October 14, 2005 an appendix of the statements he contends should be excluded pursuant to this request, either because they relate directly to future conduct, are intertwined with statements regarding future conduct, or are consistent with dealings in 2004. Additionally, there are other statements within the tape recording by the defendant concerning private or other irrelevant matters that the defendant contends should not be played for the jury, such as Giglio's comment regarding the fact that he has been married four times. The defendant will attempt to reach an agreement with the government on these other matters and seeks leave of Court to supplement the instant motion with additional statements on or before October 19, 2005, should the defendant and government not be able to reach agreement on these matters.

1

admission of evidence of a small amount of marijuana found in his home at the time of his arrest.

    A.    <u>The entire tape recording of September 15, 2004 should be excluded from evidence.</u>

On or about August 20, 2004, CW-6, at the direction and under the supervision of the government agents charged with conducting the instant investigation, met with Giglio and engaged in a conversation with him in a Cambridge restaurant. While CW-6 was apparently equipped with a covert recording device, for reasons not yet clear to the defendant the conversation was not recorded. Approximately three weeks later, on September 15, 2004, CW-6 again met with Giglio at the direction and under the supervision of the government and recorded the conversation. The government now seeks to play the tape recording of this conversation to the jury in this case.

"The contours of the law governing the admissibility of tape recordings are well defined. The government has the duty of laying a foundation that the tape recordings accurately reproduce the conversations that took place, *i.e.,* that they are accurate, authentic, and trustworthy. Once this is done, the party challenging the recordings bears the burden of showing that they are inaccurate." <u>United States v. Carbone</u>, 798 F.2d 21 (1st Cir.1986), <u>citing</u> <u>United States v. Rengifo</u>, 789 F.2d 975, 978-979 (1st Cir.1986). "This circuit has long followed the generally accepted rule that where a tape recording is challenged on the grounds of audibility the question is whether "the inaudible parts are so substantial as to make the rest more misleading than helpful" and that admissibility rests within the discretion of the trial judge." <u>Carbone</u>, 798 F.2d 21 (1st Cir.1986), <u>citing</u> <u>Gorin v. United States</u>, 313 F.2d 641, 651 (1st Cir.1963); <u>United States v. Nashawaty</u>, 571 F.2d 71, 75 (1st Cir.1978); <u>United States v. Robinson</u>, 707 F.2d 872, 876 (6th Cir.1983);

2

United States v. Sutherland, 656 F.2d 1181, 1200 (5th Cir.1981); United States v. Bell, 651 F.2d 1255, 1259 (8th Cir.1981); United States v. Slade, 627 F.2d at 301; United States v. Llinas, 603 F.2d 506, 508 (5th Cir.1979), cert. denied, 444 U.S. 1079, 100 S.Ct. 1030, 62 L.Ed.2d 762 (1980); United States v. Knohl, 379 F.2d 427, 440 (2d Cir.1967); 1 Weinstein's Evidence, J. Weinstein & M. Berger, §106[01] at 106-10-11 (May, 1986). "The decision to admit or exclude an audiotape rests with the trial judge, who must decide 'whether the inaudible parts are so substantial as to make the rest [of the tape] more misleading than helpful.'" United States v. Jadusingh, 12 F.3d 1162 (1st Cir.1994), quoting United States v. Font-Ramirez, 944 F.2d 42, 47 (1st Cir.1991) (quoting United States v. Carbone, 798 F.2d 21, 24 (1st Cir.1986)), cert. denied, --- U.S. ----, 112 S.Ct. 954, 117 L.Ed.2d 122 (1992).

While the September 15 tape recording is substantially audible, the present situation is analytically similar to a tape recording with large swaths of inaudible conversations. This is so because the probative value of the September 15, 2004 recording rests on the predicate that the statements made during that conversation are not distorted by statements, representations, or overtures made by CW-6 during the "missing" conversation. Because the government has failed to produce a recording for the August 20th conversation, the defendant has lost the ability to use such a recording to present to the jury the full and exact contours of CW-6's engagement of Giglio in CW-6's efforts to earn his "substantial assistance" reward from the government. Moreover, because the tape has been lost, there is no means to verify that the September 15, 2004 conversation reflects the true nature of the past or (then) present relationship of Giglio and CW-6, rather than a distorted prism initially erected by CW-6 during the first

3

recorded conversation. As such, any probative value of the September 15, 2004 tape is substantially outweighed by the prejudice suffered by the defendant as a result of the lost tape recording. See United States v. Knohl, 379 F.2d 427 (2d Cir.1967) ("The appellant also complains… that portions of the recording were missing; but the fact that part of a tape recording is missing or inaudible does not render it inadmissible …. The question of whether so much of a tape recording is inaudible or the circumstances surrounding it are so suspicious and make it so untrustworthy that it should not be admitted into evidence in the first place is addressed to the discretion of the trial judge.").

Under Rule 106 of the Federal Rules of Evidence, "[w]hen a ... recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed.R.Evid.106. The rationale underlying the rule of completeness is the unfairness that results when conversations are taken out of context. See, e.g., United States v. Normand, 16 Fed.Appx. 719 (9th Cir.2001) ("The advisory committee notes state that the rule is based, in part, on "the misleading impression created by taking matters out of context.") (quoting Fed.R.Evid.106, advisory committee notes). "[T]he district court has broad discretion to conduct the trial in an orderly and efficient manner, and to choose among reasonable evidentiary alternatives to satisfy the rule of completeness reflected in Rule 106." United States v. King, 351 F.3d 859 (8th Cir.2003). In this case, because the government has lost the ?? recording, the defendant is without the ability to introduce the earlier conversation pursuant to Rule 106. Moreover, the rationale underlying Rule 106—conversations taken out of context can result in misleading impressions—militates in favor of excluding the

4

September 15th conversation. Without the tape recording of the prior conversation, the defendant is unfairly prejudiced by the risk that the latter conversation will create a misleading impression regarding the past or present relationship between CW-6 and Giglio.

      B.      <u>Evidence of any statements and/or conversations that concern and/or relate to events that post date December 1, 2003 should be excluded.</u>

As noted *infra*, the defendant's previously filed a motion *in limine* to preclude evidence of conversations by and between CW-6 and Giglio. (Docket Entry 325). In response thereto, the government sought and secured a third superseding indictment, which broadened the time frame of the charged conspiracy. The operative indictment now charges a conspiracy to distribute marijuana from August 2000 to on or about December 1, 2003. (<u>See</u> Docket Entry 346). The defendant moves herein to incorporate the portion of his motion *in limine* wherein he sought to preclude admission of any recordings, and the transcripts thereof, of any conversations between Giglio and CW-6 relating to (1) Giglio's possible future involvement in a marijuana transaction with CW-6, and (2) Giglio's statements which are consistent with his having had marijuana dealings with his own customers in 2004. The arguments made by the defendant in his motion *in limine* remain viable given the third superseding indictment still charges a conspiracy that ends "on or about December 1, 2003."

      C.      <u>Evidence of small amounts of marijuana found in the defendant's home should be excluded from evidence</u>.

The defendant further moves to incorporate that portion of the previously filed motion *in limine* wherein he argued that the small amount of marijuana found in his home at the time of his arrest should be excluded from evidence. As argued, such a tiny,

personal-use quantity of marijuana has no "special relevance" to any issue in this case, as it has no tendency to prove that Giglio was a member of the conspiracy charged. Alternatively, the evidence should be excluded under Rule 403, as its unfairly prejudicial impact would vastly outweigh any probative value it might be found to have.

    Wherefore, for all of the foregoing reasons, the defendant respectfully requests that the instant motion be allowed.

                                              Respectfully Submitted,
                                              Frank Giglio,
                                              By his attorneys,

                                              **/s/ Martin G. Weinberg**
                                              Martin G. Weinberg
                                              Mass. Bar No. 519480
                                              20 Park Plaza, Suite 905
                                              Boston, Massachusetts 02116
                                              (617) 227-3700

                                              **/s/ Robert M. Goldstein**
                                              Robert M. Goldstein
                                              Mass. Bar No. 630584
                                              20 Park Plaza, Suite 903
                                              Boston, Massachusetts 02116
                                              (617) 742-9015

Dated: October 12, 2005