UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>FRANK GIGLIO        )<br>_____) | CRIMINAL NO. 03-10370-DPW |

**Motion to Supplement Motion In Limine to Exclude**
**September 15, 2004 Tape Recording and Other Evidence**

Now comes the Defendant, Frank Giglio, by and through undersigned counsel, and hereby moves to supplement his motion *in limine* to exclude from evidence the tape recording of a conversation by and between CW-6 and the defendant ("Giglio", herein) on September 15, 2004, which was filed with the Court on October 12, 2005. More specifically, should the Court deny the defendant's motion to exclude the entire September 15, 2004 conversation, in addition to the two categories of statements identified in the defendant's original motion in limine[1], the defendant further moves to exclude from evidence any conversations and/or statements within the September 15, 2004 conversation that relate to events in the past by and between Giglio and Doug Bannerman that are not tethered to any specific time or date, but instead merely refer to activities in the past with no specified information. During the taped conversation, Giglio states that he has known Bannerman for "about fifteen years." (Draft Transcript, attached hereto as Exhibit 1, at p.17).[2] Without specifics, there is simply no means to discern whether Giglio's statements regarding past activities refer to time periods outside of the

---

[1]. The defendant moved to exclude statements regarding (1) Giglio's possible future involvement in a marijuana transaction with CW-6, and (2) Giglio's statements which are consistent with his having had marijuana dealings with his own customers in 2004.
[2]. The transcript is being filed under seal and in hand because it refers to CW-6 by name.

specific time period charged in the operative indictment (i.e., August 2000 to December 1, 2003). (See Docket Entry 346).

As such, for the reasons articulated in the defendant's original motion *in limine* (docket entry 325), which the defendant moves to incorporate herein, the defendant moves to exclude general statements within the subject tape recorded conversation that are not tethered to the time period identified in the operative superseding indictment.[3]

                                   Respectfully Submitted,
                                   Frank Giglio,
                                   By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-3700

**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, Massachusetts 02116
(617) 742-9015

Dated: October 14, 2005

---

[3]. The statements the defendant seeks to exclude as generally referencing the past (but are not connected to the time frame identified in the operative indictment) have been highlighted in green in the copy of the September 15, 2004 transcript attached hereto as Exhibit 1. Statements the defendant contends should be excluded because they refer to Giglio's possible future involvement in a marijuana transaction with CW-6 have been highlighted in yellow. Statements the defendant contends should be excluded because they are consistent with his having had marijuana dealings with his own customers in 2004 have been highlighted in blue.