UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            )
                                    )     No. 03-10370-DPW
        v.                          )
                                    )
9. FRANK GIGLIO,                    )
                                    )
            Defendant.              )

## GOVERNMENT'S OPPOSITION TO FRANK GIGLIO'S MOTION FOR DISMISSAL, REMEDIAL MEASURES, OR STAY

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorneys Rachel E. Hershfang and Peter K. Levitt, hereby opposes Frank Giglio's ("Giglio") motion regarding jury selection.

Giglio reiterates his earlier request that this Court impose "remedial measures" in selecting a jury, again basing his request on an opinion issued in <u>United States v. Darryl Green</u>, -- F.Supp. 2d --, 2005 WL 2109114 (D. Mass., Sept. 2, 2005). Giglio again asks that this Court use the supplemental jury summons procedure (the "<u>Green</u> fix") crafted for that case; in the alternative, he asks that the case be either dismissed or stayed.

As Giglio frankly acknowledges, the First Circuit's decision on the government's mandamus petition in <u>Green</u> foreclosed the use of the <u>Green</u> fix in that case and, by implication, in all other cases as well (unless, of course, the <u>Green</u> fix were adopted as an amendment to the Jury Plan for the District). See <u>In re:</u>

1

United States of America, No.  05-2358 (1st Cir., Slip Op.,
October 7, 2005) (hereinafter "First Circuit Opinion").
Dismissal of the indictment is not warranted under the
circumstances.  Giglio develops no argument as to why such a
severe remedy would be necessary, were there a violation of the
Jury Selection and Service Act ("the Act,"), nor does he explain
why, if there were a violation, the appropriate remedy would not
be a stay of trial pending a wholesale analysis of, and revisions
to, the Jury Plan.  The government contends that there is no
violation of the Act.  See First Circuit Opinion at 15-16
(disparities shown by record in Green between number of African
Americans in the community and number summonsed for jury service
are "of the same general magnitude" as disparities in United
States v. Royal, 174 F.3d 1 (1st Cir.  1999) [in which neither a
constitutional nor a statutory violation was found]).

Giglio's final request is for a stay of trial pending the
process of deliberation and, perhaps, amendment by a reviewing
panel of the district court.  Were there a violation of the Act,
either constitutional or statutory, this would be an appropriate
remedy.  See First Circuit Opinion at 14 (government position).
There is no constitutional violation, as both the First Circuit
Opinion and Green before it found.  See First Circuit Opinion at
15; Green, 2005 WL 2109114 at *11-22; see also Royal, 174 F.3d at
11-13..  There is similarly no statutory violation.  See First

2

Circuit Opinion at 15-16; see also Royal, 174 F.3d at 11-13.  A

stay is not warranted under the circumstances.  Indeed, even

Green is proceeding to trial as scheduled; a similar defense

motion to stay trial in that case was denied by electronic order

by the trial judge.  See Docket, United States v.  Green, No.

02-10301-NG (entry of October 21).

The government submits that there are no grounds for delay,

dismissal, or alteration of the jury-selection process in this

case, and asks that it proceed to trial as scheduled on November

28.


                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Rachel E. Hershfang
                              RACHEL E. HERSHFANG
                              Assistant U.S. Attorney

Dated: October 26, 2005