

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

November 14, 2005

Martin G. Weinberg
Oteri, Weinberg & Lawson
20 Park Plaza
Boston, MA 02116

> Re: United States v. Frank Giglio
> Criminal No. 03-10370-DPW

Dear Mr. Weinberg:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Frank Giglio ("Defendant"), in the above-captioned case. The Agreement is as follows:

### 1. Change of Plea

At the earliest practicable date but in no event later than November 28, 2005, Defendant shall plead guilty to Count One of the above-captioned Third Superseding Indictment, charging him with conspiring to possess with intent to distribute and to distribute marijuana, in violation of Title 21, United States Code, Section 846. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Third Superseding Indictment, and is in fact guilty of that offense.

The United States Attorney agrees, at or before the time of sentencing, to withdraw the prior felony information filed pursuant to 21 U.S.C. §851.

### 2. Penalties

As a result of the government's undertaking to withdraw the information filed pursuant to 21 U.S.C. §851, Defendant will face a minimum-mandatory term of incarceration of five years; a term

of supervised release of no less than four years, and no more than life; a fine of up to $2 million; and a mandatory, $100 special assessment.

As charged, Defendant faces the following minimum mandatory and maximum penalties: by reason of a prior felony drug conviction, a minimum-mandatory term of incarceration of 10 years; a term of supervised release of no less than eight years, and no more than life; a fine of up to $2 million; and a mandatory, $100 special assessment.

Defendant is also subject to forfeiture to the extent set forth in the Third Superseding Indictment.

3.   Sentencing Guidelines

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing guidelines:

The parties agree to take the position that Defendant is responsible for 700-999 kilograms of marijuana, and that the applicable Base Offense Level is therefore 30.  The parties further agree to take the position that Defendant's applicable Criminal History Category is II.  Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1. The parties further agree that the resulting Guideline Sentencing Range, based on the calculations set forth above, is 78-97 months.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

> (a)   Fails to admit a complete factual basis for the plea;
>
> (b)   Fails to truthfully admit his conduct in the

2

offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime; and/or

(I) Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) incarceration or other confinement for a term of 78 months;

(b) forfeiture to the extent set forth in the indictment and proved at the time of sentencing;

(c) payment of the $100 mandatory special assessment; and

(d) four years' supervised release.

3

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 3, above.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Third Superseding Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.   Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement.  If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8.   Forfeiture

Defendant will forfeit to the United States any and all

4

assets subject to forfeiture pursuant to 21 U.S.C. §853 and 18
U.S.C. §982 as a result of his guilty plea, to the extent that
such assets have not already been forfeited, or are not already
subject to forfeiture from, another coconspirator.  Forfeitures
already received, ordered by the Court, and currently anticipated
by the United States Attorney are anticipated to satisfy the
forfeiture interests of the government in this action.

Defendant agrees to assist law enforcement agents and
government attorneys in locating, liquidating, recovering,
returning to the United States, and forfeiting all forfeitable
assets, wherever located, and in whatever names the assets may be
held.  To effect this goal, Defendant will provide the U.S.
Attorney with a copy of the financial statement submitted to U.S.
Probation during the Presentence Investigation.  Defendant shall
promptly take whatever steps are deemed necessary by the U.S.
Attorney and, as applicable, the U.S. Marshals Service, and the
U.S. Drug Enforcement Administration to transfer possession of,
and clear title to, all forfeitable assets to the United States.
Such steps may include, but are not limited to, executing and
surrendering all title documents, and signing consent decrees of
forfeiture, deeds, sworn statements relating the factual bases
for forfeiture, and any other documents deemed necessary by the
government to complete the criminal, civil, or administrative
forfeiture proceedings which may be brought against the assets
identified in this section and against any other forfeitable
assets involved in or related to any of the criminal acts charged
in the Third Superseding Indictment.

The United States District Court for the District of
Massachusetts shall retain jurisdiction to enforce the provisions
of this section.

9.    Information For Presentence Report

Defendant agrees to provide all information requested by the
U.S. Probation Office concerning his assets.

10.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

5

## 11. Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

## 12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

## 13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

6

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Rachel E. Hershfang.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

Rachel E. Hershfang
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Frank Giglio
Defendant

Date: 11.21.05

I certify that Frank Giglio has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Martin G. Weinberg, Esq.
Attorney for Defendant

Date: 11·21·05