UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03-10370-DPW |
| | ) | |
| FRANK GIGLIO | ) | |

**MOTION TO EXTEND DATE FOR SELF-SURRENDER**

Now comes the defendant, Frank Giglio, who hereby moves that this Honorable Court extend the date for his self-surrender to the United States Bureau of Prisons to commence his term of imprisonment from April 7, 2006, until May 5, 2006, for the following reasons:

1. Mr. Giglio, pursuant to a plea agreement, was sentenced on February 21, 2006, to a term of imprisonment of 78 months. At the request of the defendant, and over the Government's objection, this Honorable Court permitted him to self-surrender at the facility designated by the Bureau of Prisons on April 7, 2006. The Court, at the request of counsel, recommended that the Bureau of Prisons designate the Federal Prison Camp at Devens.

2. The Bureau of Prisons has recently designated the Federal Correctional Institution at Loretto, Pennsylvania, a location approximately 90 miles from Pittsburgh, as the facility to which Mr. Giglio was assigned.

3. Counsel for the defendant retained criminologist Joel Sickler of Justice Advocacy Group, P.C. of Alexandria, Virginia, a well-regarded expert in the area of Bureau of Prisons policies, who has informed counsel, after having communications with the designation officials within the Bureau of Prisons, that the basis for the designation

was the Bureau's having rated Giglio's offense conduct as the "greatest severity" which, in reference to marijuana offenses, requires that the offense involve over 620 kilos of marijuana and that the "offender…organized or maintained ownership interest/profits from [the] large scale drug activity", *see* Sickler letter appended hereto as Exhibit "A".

4. Mr. Giglio neither organized nor had an ownership interest in either the Milo or Bannerman marijuana distribution organizations. He received no role in the offense enhancement, nor was one requested by the Government. As reflected in the Presentence Report, Giglio did not, in any capacity, occupy a supervisory role in Bannerman's organization, but was instead an employee of Bannerman. Also, as reflected in the Presentence Report, it is undisputed that the quantities of marijuana which Giglio himself sold were "substantially less" than the amount attributed to him for sentencing purposes. *See* Presentence Report at 15.

5. Giglio intends to request reconsideration of his security classification and has a good faith principled reason to believe that further evaluation will generate a finding that he did not organize, nor did he maintain an ownership interest in, the Milo or Bannerman organizations and thus that he has been impermissibly and erroneously categorized without regard to either the Court's recommendation or the indisputable facts of his personal offense conduct, *see* Exhibit "A"

6. Absent the "greatest severity" finding, Giglio would be camp-eligible. If that finding is reconsidered and changed, then FPC Devens would be available to the Bureau of Prisons as an appropriate designation for Giglio, in accordance with this Court's recommendation. Serving his sentence at FPC Devens would permit Giglio to

maintain meaningful family contact with his wife and 15 month old child and also enable him to have visits from his 11 and 13 year old daughters from his prior marriage.

7. The undersigned has conferred with government counsel in advance of filing this motion. She does not contend that Giglio was an organizer in the charged conspiracy, nor that he had an ownership interest (beyond that represented by the marijuana that he himself sold). The government objects to any self-surrender, for the reasons stated at sentencing.

Wherefore, the defendant, Frank Giglio, hereby requests extension of the date for self-surrender from April 7, 2006, until May 5, 2006.

RESPECTFULLY SUBMITTED,
BY HIS ATTORNEY,

/s/ Martin G. Weinberg
Mass. Bar No. 519480
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston MA 02116
(617) 227-3700

DATED: April 4, 2006

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 4th day of April, 2006, this document filed through the Court's CM/ECF system will be sent electronically to the registered participants including Rachel Hershfang, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA, 02210, as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Martin G. Weinberg*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03-10370-DPW |
| | ) | |
| FRANK GIGLIO | ) | |
| | ) | |

**MOTION TO EXTEND DATE FOR SELF-SURRENDER**

Now comes the defendant, Frank Giglio, who hereby moves that this Honorable Court extend the date for his self-surrender to the United States Bureau of Prisons to commence his term of imprisonment from April 7, 2006, until May 5, 2006, for the following reasons:

1. Mr. Giglio, pursuant to a plea agreement, was sentenced on February 21, 2006, to a term of imprisonment of 78 months.  At the request of the defendant, and over the Government's objection, this Honorable Court permitted him to self-surrender at the facility designated by the Bureau of Prisons on April 7, 2006.  The Court, at the request of counsel, recommended that the Bureau of Prisons designate the Federal Prison Camp at Devens.

2. The Bureau of Prisons has recently designated the Federal Correctional Institution at Loretto, Pennsylvania, a location approximately 90 miles from Pittsburgh, as the facility to which Mr. Giglio was assigned.

3. Counsel for the defendant retained criminologist Joel Sickler of Justice Advocacy Group, P.C. of Alexandria, Virginia, a well-regarded expert in the area of Bureau of Prisons policies, who has informed counsel, after having communications with the designation officials within the Bureau of Prisons, that the basis for the designation

was the Bureau's having rated Giglio's offense conduct as the "greatest severity" which, in reference to marijuana offenses, requires that the offense involve over 620 kilos of marijuana and that the "offender…organized or maintained ownership interest/profits from [the] large scale drug activity", *see* Sickler letter appended hereto as Exhibit "A".

4. Mr. Giglio neither organized nor had an ownership interest in either the Milo or Bannerman marijuana distribution organizations. He received no role in the offense enhancement, nor was one requested by the Government. As reflected in the Presentence Report, Giglio did not, in any capacity, occupy a supervisory role in Bannerman's organization, but was instead an employee of Bannerman. Also, as reflected in the Presentence Report, it is undisputed that the quantities of marijuana which Giglio himself sold were "substantially less" than the amount attributed to him for sentencing purposes. *See* Presentence Report at 15.

5. Giglio intends to request reconsideration of his security classification and has a good faith principled reason to believe that further evaluation will generate a finding that he did not organize, nor did he maintain an ownership interest in, the Milo or Bannerman organizations and thus that he has been impermissibly and erroneously categorized without regard to either the Court's recommendation or the indisputable facts of his personal offense conduct, *see* Exhibit "A"

6. Absent the "greatest severity" finding, Giglio would be camp-eligible. If that finding is reconsidered and changed, then FPC Devens would be available to the Bureau of Prisons as an appropriate designation for Giglio, in accordance with this Court's recommendation. Serving his sentence at FPC Devens would permit Giglio to

maintain meaningful family contact with his wife and 15 month old child and also enable him to have visits from his 11 and 13 year old daughters from his prior marriage.

7. The undersigned has conferred with government counsel in advance of filing this motion. She does not contend that Giglio was an organizer in the charged conspiracy, nor that he had an ownership interest (beyond that represented by the marijuana that he himself sold). The government objects to any self-surrender, for the reasons stated at sentencing.

Wherefore, the defendant, Frank Giglio, hereby requests extension of the date for self-surrender from April 7, 2006, until May 5, 2006.

RESPECTFULLY SUBMITTED,
BY HIS ATTORNEY,

/s/ Martin G. Weinberg
Mass. Bar No. 519480
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston MA 02116
(617) 227-3700

DATED: April 4, 2006

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this 4th day of April, 2006, this document filed through the Court's CM/ECF system will be sent electronically to the registered participants including Rachel Hershfang, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA, 02210, as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Martin G. Weinberg*