# JUSTICE ADVOCACY GROUP, P.C.

1919 Eardale Court
Alexandria, Virginia 22306
(703) 717-0644-direct
(703) 717-0645-fax
(703) 622-6227-mobile
sickler1@hotmail.com

**Time Sensitive via Electronic Mail Only**

April 4, 2006

Martin G.Weinberg, Esquire
20 Park Plaza, Suite 903
Boston, MA 02116

**RE: Frank Giglio; Bureau of Prisons Reg. No. 19267-038**

Dear Mr. Weinberg:

This letter is in regards to the federal prison designation of Mr. Giglio. As you are aware the Bureau of Prisons (BOP) has designated Mr. Giglio to the Federal Correctional Institution in Lorreto, Pennsylvania.[1] While the Court issued a recommendation to assign Mr. Giglio to the camp at FMC Devens in order to facilitate family visits, the BOP, following a security analysis, could not accommodate the request. Specifically, during the designation process, the BOP concluded that Mr. Giglio's case required the assignment of a "Public Safety Factor (PSF)" management variable for committing a Greatest Severity Offense.[2] Any defendant deemed to have committed a "Greatest Severity Offense" is precluded in almost all instances from being placed in a minimum-security camp.

---

[1] FCI Loretto is a "Low-security" prison located approximately 90 miles east of Pittsburgh. According to the BOP: "Low- security Federal Correctional Institutions (FCIs) have double-fenced perimeters, mostly dormitory or cubicle housing, and strong work and program components. The staff-to-inmate ratio in these institutions is higher than in minimum security facilities." See *State of Bureau, 2004* (available at *http://www.bop.gov/publications*).

More precisely, FCIs house inmates who are serving sentences of greater than 10 years; most have committed offenses involving a firearms or the use of force. All sex offenders are confined at FCIs as are all deportable aliens. FCIs are significantly larger and more crowded than camps and family visits, while offered more frequently, entail a strict security protocol including an Ion Spec drug test and staff escort into the facility. An inmate has a substantially greater chance of being assaulted at an FCI versus a camp.

[2] Federal prison designation protocol is largely controlled by USDOJ – FBOP Program Statement (P.S. 5100.07, September 3, 1999) , (PSFs are discussed at ¶ 7 and Offense Severity Ratings are listed in Appendix B) (available online, with all other currently published BOP Program Statements, via *http://www.bop.gov/DataSource/execute/dsPolicyLoc/*).

EX. "A"

As you have stated, it appears that the BOP has over-assessed Mr. Giglio's security needs. According to the regional administrator for designations, Mr. Lee Tatum, the BOP is willing to reconsider Mr. Giglio's designation. However, a brief stay of his surrender is required. Given Mr. Giglio's need to remain close to his family in Massachusetts, and the fact that –in our estimation - he should be properly placed in a minimum-security institution, we should attempt now to have the BOP designation changed. Once an inmate reports it is near impossible to receive a transfer prior to serving 18 months.

It seems evident that Mr. Giglio did not take part in the said conspiracy as a leader, organizer, manager or supervisor. Furthermore, while the PSR holds him accountable for approximately 2,000 lbs. of marihuana, he did not maintain "ownership" interest in that quantity of the controlled substance. These facts should be clarified for the BOP. As such, I believe we will be able to convince the BOP that he is camp-eligible.

Sincerely,


Joel A. Sickler